# 1264-15

ORIGINAL

No. 10-14-00181-CR
PD-1264-15

Jesus Mirola
Appellant

V.

State Of Texas
Appellee

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 03 2015

Abel Acosta, Clerk

---

## PETITION FOR DISCRETIONARY REVIEW BRIEF

---

FILED IN
COURT OF CRIMINAL APPEALS

NOV 03 2015

Abel Acosta, Clerk

Jesus Mirola
Texas Department of Criminal
Justice - Institutional Division
Polunsky Unit
TDCJ-ID #1935276
3872 Fm 350 South
Livingston, Texas 77351

A1

No. 10-14-00181-CR
PD-1264-15
Jesus Mirola
Appellant

V.

State of Texas
Appelle

# IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of the parties and any other person who has any interest in the outcome of this case:

Hon. William C. Bosworth, Jr                          Trial Judge
Guinn Justice Center
204 South Buffalo Street
Cleburne, Texas 76033
Tel. 817-556-6040
Fax 817-556-6043


Hon. Dale Hanna                                       Trial Counsel for State
Texas Bar No. 08918500
Johnson County District Attorney


Mr. Derek Dumas
Texas Bar No. 24087452


Mr. Trey Brown
Texas Bar No. 24038789
Johnson County District Attorney's Office
Guinn Justice Center
204 South Buffalo Street
Cleburne, Texas 76033
Tel. 817-556-6801
Fax 817-556-6814

82

Mr. Jose P. Noriega
Texas Bar No. 24068539
Jose Noriega Law Office
10300 N. Central Expressway, Suite 235
Dallas, Texas 75231
Tel. 214-942-9100

Trial counsel for Appellant

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............ B+C 2-3
TABLE OF CONTENTS ............ D 4
INDEX OF AUTHORITIES ............ E 5
STATEMENT OF THE CASE ............ F 6
  Nature of the Case ............ F 6
  Course of Proceedings ............ F 6
  Trial Court Disposition ............ G 7
ISSUE PRESENTED FOR REVIEW ............ G 7
STATEMENT OF FACTS ............ G 7
SUMMARY OF ARGUMENT ............ G 7
ARGUMENT ............ H 8
  Standard of Review ............ H 8
  Application of the Law to the Facts ............ H 8
PRAYER ............ I 9
Appendix ............ J 10

# INDEX OF AUTHORITIES

Cases

Cardona v. State, 665 SW2d 492, 493-94 (Tex. Crim. App. 1984)

Cobb v. State, 851 SW2d 871, 873 (Tex. Crim. App. 1993)

Holiday v. State, 983 SW2d 326, 327-28 (Tex. App.-- Houston [14th Dist.] 1998, pet. ref'd)

Jackson v. State, 645 SW2df 303, 305 (Tex. Crim. App 1983)

Pierce v. State, 113 SW3d 431, 436 (Tex. App.-- Texarkana 2003, pet. ref'd)

Speth v. State, 6 SW3d 530 (Tex. Crim. App. 1999), cert. den'd 529 US 1088, 120 S. Ct. 1728, 146 L.Ed. 2d 642 (2000)

Weed v. State, 891 SW2d 22, 24 (Tex. App.-- Fort Worth, 1995 no pet.)


Statutes

Tex. Code. Crim. Pro. Art. 42.12, §23(a)

No. 10-14-00181-CR
PD-1264-15

Jesus Mirola
Appellant

v.

State of Texas
Appellee

## PETITION FOR DISCRETIONARY REVIEW BRIEF

Appellant, Jesus Mirola, files his brief. Appellant will be referred to as "Appellant." Appellee, State Of Texas, will be referred to as "Appellee" or "the State."

# STATEMENT OF THE CASE

## Nature of the Case

Appellant pled guilty to two counts of Indecency with a Child by Contact and one count of Indecency with a Child by Exposure on October 19, 2012, and was sentenced to ten years deferred adjudication on counts one and three abandoning count two of the indictment (CR: 63-68).

## Course of Proceedings

The State filed a First Amended Motion to Proceed with an Adjudication of Guilt on April 15, 2014, alleging that Appellant failed to report to his supervision officer in February and March of 2014, failed to complete his assigned community service hours, failed to observe curfew, failed to report a change of address, failed to complete psychological counseling and failed a maintenance polygraph (CR 110-115). At a hearing on June 4, 2014, Appellant pled "not true to each allegation (RR 4: 4-6).

F

## Trial Court Disposition

At the conclusion of a contested, the trial court found that Appellant had violated the terms and conditions of his community supervision, adjudicated him guilty and sentenced him to twenty (20) years in the Institutional Division of the Texas Department of Criminal Justice on count one. On Count three, the trial court sentenced Appellant to ten (10) years Institutional Division of the Texas Department of Criminal Justice, probated for ten (10) years, with attendance at the Intermediate Sanctions Facility a term and condition of probation (RR 4: 62-63). This appeal follows.

## ISSUE PRESENTED FOR REVIEW

The trial court abused its discretion in adjudicating Appellant guilty and imposing a dual sentence.

## STATEMENT OF FACTS

While on community supervision, Appellant generally worked the minimum eight hours per month required of him, though during some months he fell short and later had to make them up (RR 4: 22-23). Appellant, as a construction worker, lived at more than one residence and, upon being contacted by community supervision, eventually registered all of these residences with the proper authorities (RR 4: 21, 24-26). Appellant worked at his assignments for sex offender counseling, although he did not complete them in a timely manner and missed some of the group sessions (RR 4: 26-28) A administrative hearing was held by the community supervision department and Appellant was offered the opportunity to voluntarily attend the Intermediate Sanctions Facility and submit to wearing a GPS tracker, which he declined (RR 4: 31-32).

## SUMMARY OF THE ARGUMENT

Given that the Appellant had made substantial efforts to comply with the terms and conditions of his community supervision, the trial court need not have punished him so severly.

# ARGUMENT

## Standard of Review:

The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. See, e.g., Cobb v. State, 851 Sw2d 871, 873 (Tex. Crim. App. 1993). Appellate review of an order revoking probation is limited to a determination as to whether the trial court abused its discretion. Jackson v. State, 645 sw2df 303, 305 (Tex. crim. App 1983). If the State fails to meet it burden of proof, the trial court abuses its discretion by revoking probation. Cardona v. State, 665 sw2d 492, 493-94 (Tex. Crim. App. 1984). "Considering the unique nature of the revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing factual sufficiency do not apply," Pierce v. State, 113 sw3d 431, 436 (Tex. App. -- Texarkana 2003, pet. ref'd). "Probation revocation proceedings are not criminal trials in the Constitutional sense; rather they are administrative in nature... A probationer must be afforded minimum due process rights in a revocation hearing," weed v. State, 891 sw2d 22, 24 (Tex. App. -- Fort Worth, 1995 no pet.). Community supervision is not a right, but a contractual privelage entered into between the trial court and the defendent. Speth v. State, 6 SW3d 530 (Tex. Crim. App. 1999), cert. den'd 529 US 1088, 120 S. Ct. 1720, 146 L. Ed. 2d 642 (2000). "It is well settled that a defendent whose Community supervision is revoked may only appeal from the revocation. The underlying adjudication may only be appealed at the time probation was given," Holiday v. State, 983 sw2d 326, 327-28 (Tex. App. -- Houston [14th Dist.] 1998, pet. ref'd). Tex. Code. Crim. Pro. Art 42.12, §23(a) provides in relevant part, "... if the judge determines that the best interests of society and the defendent would be served by a shorter time of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendent was convicted."

# Application of the Law to the Facts:

It is clear from the testimony that the Appellant was confused about some of the conditions of his community supervision, particularly the need to register addresses at which he was not permanently residing (RR 4: 43-44, 48-49). It is also conceded by the State that the Appellant was working at his assignments for sex offender education (RR4:46). Significantly, the State was unable to offer direct testimony to indicate that Appellant had not completed all of his assignments, being only able to

H

argue that they could not prove that he had completed them (RR 4: 58-59). Despite the trial court's sua sponte statements to the contrary, the State did in fact specifically allege that Appellant failed a maintenance polygraph examination (RR 4: 19, 27-28). While the trial court is under no obligation to offer "partial credit" or "grade on a curve" when it comes to violations of community supervision, Appellant could scarcely have been punished more harshly. Had he merely been adjudicated and sentenced on both counts, his sentences would've run concurrently; as it stands, Appellant must complete the twenty year sentence on count one, then attend the Intermediate Sanctions Facility before completing yet another term of probation that could, and likely will, run at the same time as his parole. One might argue that Appellant could have avoided the risk by merely acquiescing to the request of community supervision at his administrative hearing. While a fair point, it is also true that community supervision is intended to operate at least in part as rehabilitation, not merely delayed punishment. Accordingly, in the absence of any evidence, or even an argument by the State, in favor of such a severe response, the trial court abused its discretion in not pursuing lesser sanctions against Appellant.

# Prayer

Appellant prays the Court of Criminal Appeals reform the trial court's sentence and order Appellant reinstated on community supervision. Alternatively, Appellant prays the Court of Criminal Appeals reverse the trial court and remand the case for a new hearing

Respectfully submitted,

By:
Jesus Mirola
Texas Department of Criminal
Justice - Institutional Division
Polunsky Unit
TDCJ-ID #1935276
3872 FM 350 South
Livingston, Texas 77351

I

Tenth Court of Appeals

Chief Justice
Tom Gray

Justice
Rex D. Davis
Al Scoggins

McLennan County Courthouse
501 Washington Avenue, Rm 415
Waco, Texas 76701-1373
Phone:(254)757-5200    Fax:(254)757-2822

Clerk
Sharri Roessler

AUGUST 20, 2015

In accordance with the enclosed Memorandum Opinion, below is the judgement in the numbered cause set out herein to be entered in the minutes of this Court as of the 20th day of August, 2015.

10-14-00181-CR      JESUS MIROLA v. THE STATE OF TEXAS - ON APPEAL FROM THE 413th DISTRICT COURT OF JOHNSON COUNTY - TRIAL COURT NO. F46009 - AFFIRMED- Memorandum Opinion by Justice Davis:

"This cause came on to be heard on the transcript of the record of the Court below, and the same being considered, because it is the opinion of this Court that there was no error in the judgement, it is ordered, adjudged and decreed by the Court that the judgement be in all things affirmed, and the appellant pay all costs in this behalf expended and that this decision be certified below for observance."

J



# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00181-CR

**JESUS MIROLA,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. F46009

## MEMORANDUM OPINION

Jesus Mirola pled guilty to two of three felony counts that he was charged with by indictment, with the State abandoning count two. Mirola received ten years' deferred adjudication community supervision on the counts of indecency with a child by contact (count one) and indecency with a child by exposure (count three). The State moved to proceed with an adjudication of guilt, alleging numerous violations by Mirola of his community-supervision conditions. After a hearing in which Mirola pled "not true" to the allegations, the trial court found all of the alleged violations to be "true," adjudicated

Mirola guilty on each count, and revoked Mirola's community supervision. The trial court assessed punishment on count one at twenty years' imprisonment and on count three at ten years' imprisonment, probated for ten years' community supervision with attendance at the Intermediate Sanctions Facility a condition of community supervision.

Mirola appeals, asserting in his sole issue that the trial court abused its discretion in adjudicating him guilty and in imposing a "dual sentence." We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). The "trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Id.* The State is required to show only a single violation to support the trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). The trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Ex parte Tarver*, 725 S.W.2d 195, 198 (Tex. Crim. App. 1986); *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974).

A sufficiency issue is not an independent ground in an appeal of a revocation order, but is incorporated into a determination of whether the trial court abused its discretion. *Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet. ref'd). When the sufficiency of the evidence to support the trial court's order is challenged,[1] we review the evidence in the light most favorable to the trial court's findings. *Id.*

---

[1] Mirola does not explicitly challenge sufficiency, but to the extent that he is doing so, we will briefly address it.

The State alleged that Mirola failed to report monthly to his supervision officer on two occasions; failed to complete community service; violated curfew in several respects; failed to report his change of address; failed to complete counseling and was suspended from sex-offender counseling for lack of progress; was terminated from sex-offender counseling for failure to attend; and failed to advise his supervision officer of his address change.

Yolanda Slawson, Mirola's supervision officer, testified that he twice failed to report as alleged. Mirola testified, and he admitted that he "had not shown up to probation" the months before he got locked up. She further said that he was forty hours behind on community service, and Mirola admitted that he was behind. Also, Slawson testified that he failed to report that he was staying at locations unknown to the supervision office and that he was violating curfew and had declared that he was not going to comply with the curfew condition. Slawson also testified that Mirola had started staying at his uncle's home and that he did not inform or give notice to the police department seven days in advance that he would be living at his uncle's. Finally, Slawson said that she received notice from Mirola's sex-offender therapist that he was suspended from sex-offender treatment for lack of progress. Mirola admitted that he missed "a couple" of his counseling sessions and that he was "pretty sure" he would be kicked out for missing.

Viewing the evidence in the light most favorable to the trial court's findings, and deferring to the trial court's role as the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony, we find that the trial court did not

abuse its discretion in finding sufficient evidence of the violations and adjudicating Mirola guilty. We overrule this part of Mirola's sole issue.

Mirola also asserts that, because he partially complied with the conditions, the trial court's sentences are excessive—that he "could scarcely have been punished more harshly," in that he must complete his twenty-year sentence on count one and then attend the Intermediate Sanctions Facility before completing ten years on community supervision that could, and likely will, run at the same time as his parole.[2] The State correctly notes that a defendant must complain or object in the trial court about an allegedly disproportionate sentence to preserve his complaint for appeal. *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd); *Gertz v. State*, No. 10-11-00008-CR, 2012 WL 3799146, at *2 (Tex. App.—Waco Aug. 30, 2012, no pet.) (mem. op., not designated for publication) (citing *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); and *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)). Because Mirola did not raise his complaints about his sentences in the trial court, this part of his issue is not preserved and is thus overruled. TEX. R. APP. P. 33.1. Having overruled Mirola's sole issue, we affirm the trial court's judgments.

REX D. DAVIS
Justice

---

[2] Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *See Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). A narrow exception to this rule is recognized where a sentence is grossly disproportionate to the offense. *See Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd).

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs with a note)*
Affirmed
Opinion delivered and filed August 20, 2015
Do not publish
[CR25]

*(Chief Justice Gray concurs in the Court's judgment to the extent it affirms the judgment of the trial court.)

